**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALBERTO C. PEDRAZA DE LA PAZ,
ALIEN # A39-142-102,**

    Petitioner,

vs.                                      Case No. 4:11cv230-MP/WCS

**IMMIGRATION AND CUSTOM
ENFORCEMENT,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 in this Court on May 20, 2011.  Doc. 1.  Petitioner did not pay the filing fee, nor did he submit an *in forma pauperis* motion.  Nevertheless, Petitioner states within the petition that he is housed at Everglades Correctional Institution, which is in Miami, Florida.

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[1]  Rumsfeld v. Padilla, 542 U.S. 426,

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the

439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  The simple and consistently applied rule in these cases is that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Because Petitioner is not confined in this district, the case should be transferred to the Southern District of Florida where Petitioner is incarcerated, pursuant to 28 U.S.C. § 89.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 be **TRANSFERRED** to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 89 for all further proceedings as this Court lacks jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on May 26, 2011.


      s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.